DP/4192
9845.2D/jar
**POWELL, BIRCHMEIER & POWELL**
COUNSELLORS AT LAW
1891 State Highway 50, PO Box 582
Tuckahoe, NJ 08250
(609) 628-3414

Attorneys for High Point Safety and Insurance Company

| Plaintiff<br>JAMES V. RANDO<br><br>v.<br><br>Defendants<br>WILMER H. STUBBE, JR., STEVEN STUBBE and ANTONIA RUIZ | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.03cv04532<br><br>NOTICE OF MOTION |
|---|---|

TO: James R. Radmore, Esquire Steven Swain, Esquire

**TAKE NOTICE** that the undersigned will apply to the above named Court, 1 John F. Gerry Plaza, Camden, New Jersey, on a date to be set by the court, for an Order for leave to intervene upon the following grounds:

Reliance will be placed upon the attached Certification of Counsel and Brief.

A proposed form of Order is attached.

**POWELL, BIRCHMEIER & POWELL**

Dated: August 3, 2004

by: Donald A. Powell
Attorneys for High Point Safety and Insurance Company

DP/4192
9845.2D/jar
**POWELL, BIRCHMEIER & POWELL**
COUNSELLORS AT LAW
1891 State Highway 50, PO Box 582
Tuckahoe, NJ 08250
(609) 628-3414

Attorneys for High Point Safety and Insurance Company

| | |
|---|---|
| Plaintiff<br>JAMES V. RANDO<br><br>v.<br><br>Defendants<br>WILMER H. STUBBE, JR., STEVEN STUBBE and ANTONIA RUIZ | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.03cv04532<br><br>CERTIFICATION OF COUNSEL |

Donald A. Powell certifies as follows:

1. I am Donald A. Powell, of Powell, Birchmeier & Powell, counsel for High Point Safety and Insurance Company and have full knowledge and charge of the above matter.

2. As the Complaint on file with the court makes clear, plaintiff James V. Rando claims damages for injuries allegedly sustained as a result of a two vehicle accident occurring on October 6, 2001, in Hammonton, Atlantic County, NJ.

3. According to the pleadings and discovery to date, plaintiff avers that defendant Steven Stubbe was operating a 1988 Ford pick-up truck proceeding westbound on Route 30. Plaintiff Rando was a passenger in the vehicle operated by Steven Stubbe. Antonio Ruiz was operating a 1999 Isuzu proceeding eastbound on Route 30. Steven Stubbe attempted to make a left turn onto South Egg Harbor Road, a/k/a Route 561, and in doing so, Stubbe collided with Ruiz.

4. The vehicle operated by Steven Stubbe was registered in the name of his father, Wilmer H. Stubbe, Jr.

5. The vehicle owned by Wilmer H. Stubbe, Jr. was insured through High Point Safety and Insurance Company has denied coverage for Steven Stubbe on the basis of non-permissive use of the vehicle.

6. High Point Safety and Insurance Company has provided coverage for Wilmer H. Stubbe, Jr. Upon information and belief, Wilmer H. Stubbe, Jr. has or will be shortly filing an application with the court seeking a summary judgment disposition of all claims against him on the basis of no agency.

7. Upon information and belief, plaintiff has or will be shortly requesting a proof hearing in the above matter.

8. The undersigned has been advised by High Point Safety and Insurance Company that the plaintiff intends to secure judgment by default, at the proof hearing, against Steven Stubbe, and further, to attempt to secure an assignment of rights by Steven Stubbe in favor of the plaintiff, thereby permitting the plaintiff to pursue High Point Safety and Insurance Company on the coverage issue.

9. On July 28, 2004, the undersigned was retained by High Point Safety and Insurance Company.

10. At the direction of High Point Safety and Insurance Company, under separate cover the undersigned will be filing a Complaint for declaratory judgment, seeking a ruling by the court on the issue of permissive use and insurance coverage on the part of Steven Stubbe.

11. High Point Insurance Company has further requested that the undersigned petition this court for permission to intervene in these proceedings.

12. In furtherance of this request, reliance is also placed upon the attached and accompanying Brief.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 3, 2004

__________________________________
DONALD A. POWELL, ESQUIRE

DP/4192
9845.2D/jar
**POWELL, BIRCHMEIER & POWELL**
COUNSELLORS AT LAW
1891 State Highway 50, PO Box 582
Tuckahoe, NJ 08250
(609) 628-3414

Attorneys for High Point Safety and Insurance Company

| Plaintiff<br>JAMES V. RANDO<br><br>v.<br><br>Defendants<br>WILMER H. STUBBE, JR., STEVEN STUBBE and ANTONIA RUIZ | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.03cv04532<br><br>BRIEF |
|---|---|

**HIGH POINT SAFETY AND INSURANCE COMPANY SHOULD BE PERMITTED TO INTERVENE IN THE PROOF HEARING IN THE MATTER OF RANDO V. STUBBE, ET AL., CIVIL ACTION NO. 03 CV 04532.**

F.R.C.P. 24(a) Intervention of Right, provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action as a practical matter would impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This Rule entitles an applicant to intervene, if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. **Brody v. Spang**, 957 F.2d 1108 (3rd Cir. 1992).

To meet the legal interest prong of the test, the legal interest asserted must be a cognizable legal interest, and not simply an interest "of a general and indefinite character". **Brody**, at 1116.

Once an applicant for intervention has established that he or she possesses a sufficient legal interest in the underlying dispute, the applicant must also show that his claim is in jeopardy in the lawsuit. Under this element of the test, the proposed intervenor must demonstrate that their legal interests may be affected or impaired as a practical matter by the disposition of the action. **Brody**, at 1122.

In making this determination, the court must assess the practical consequences of the litigation and may consider any significant legal effect on the applicant's interests. **Brody**, at 1122. It is not sufficient that the claim be incidentally affected; rather, there must be a tangible threat to the applicant's legal interest. Yet, this factor may be satisfied, if for example, a determination of the action in the applicant's absence will have a significant *stare decisis* on their claims, or if the applicant's rights may be affected by a proposed remedy. **Brody**, at 1123.

An applicant need not, however, prove that he or she would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief.

If an applicant can show that they possess a legal interest in the action, then it naturally follows that such an interest would be affected by the litigation. **Brody**, at 1123.

Finally, the burden is on the applicant for intervention to show that his interests are not adequately represented by the existing parties. **Brody**, at 1123. Representation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit. **Brody**, at 1123.

Here, High Point certainly has an interest in the outcome of the proof hearing. Plaintiff James Rando's entitlement to damages will be determined at the upcoming proof hearing. If plaintiff thereafter secures an assignment of rights by Steven Stubbe, permitting plaintiff to pursue High Point on the coverage issue, and if plaintiff is successful in obtaining a determination that coverage exists, then High Point will be bound by the damages assessed at the proof hearing and will not be permitted to re-litigate that issue. High Point should be permitted to participate and have the opportunity to cross examine plaintiff with respect to his alleged injuries/damages.

Further, if the proof hearing goes forward in the absence of High Point, High Point will be unable to adequately protect its interests because none of the other participants stands in the unique position of High Point. High Point's insured, Wilmer H. Stubbe, Jr., has been dismissed by way of summary judgment. No one is left to represent High Point's interests at the proof hearing.

For these reasons, High Point should be permitted to intervene as of right in this matter.

Respectfully submitted,

**POWELL, BIRCHMEIER & POWELL**

Dated: August 3, 2004

____________________________________
by: Donald A. Powell
Attorney for High Point Safety and Insurance Company

DP/4192
9845.2D/jar
**POWELL, BIRCHMEIER & POWELL**
COUNSELLORS AT LAW
1891 State Highway 50, PO Box 582
Tuckahoe, NJ 08250
(609) 628-3414

Attorneys for High Point Safety and Insurance Company

| Plaintiff<br>JAMES V. RANDO<br><br>v.<br><br>Defendants<br>WILMER H. STUBBE, JR., STEVEN STUBBE and ANTONIA RUIZ | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.03cv04532<br><br>ORDER TO INTERVENE |
|---|---|

**THIS MATTER** having been brought before the Court by Powell, Birchmeier & Powell, attorneys for High Point Safety and Insurance Company;

**AND GOOD CAUSE** having been shown;

**IT IS** on this day of , 2004, **ORDERED** that High Point Safety and Insurance Company be and is hereby permitted leave to intervene in these proceedings.

**IT IS FURTHER ORDERED** that a copy of this Order be served upon all parties within seven days of the receipt of this Order.

______________________________

DP/4192
9845.2D/jar
**POWELL, BIRCHMEIER & POWELL**
COUNSELLORS AT LAW
1891 State Highway 50, PO Box 582
Tuckahoe, NJ 08250
(609) 628-3414

Attorneys for High Point Safety and Insurance Company

| Plaintiff<br>JAMES V. RANDO<br><br>v.<br><br>Defendants<br>WILMER H. STUBBE, JR., STEVEN STUBBE and ANTONIA RUIZ | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.03cv04532<br><br>PROOF OF MAILING |
|---|---|

The original and copy of the within Notice of Motion has been filed with the Clerk of the United States District Court, 1 John F. Gerry Plaza, PO Box 2797, Camden, NJ, 08101.

**POWELL, BIRCHMEIER & POWELL**

Dated: August 3, 2004

by: Donald A. Powell
Attorneys for High Point Safety and Insurance Company

On August 3, 2004, I, Jacqueline Ann Ruch, mailed the following: Copy of Notice of Motion, Certification of Counsel, Brief and Order, to James R. Radmore, Esquire, 1913 Greentree Road, Cherry Hill, NJ, 08003; Steven Swain, Esquire, 303 Fellowship Road, Mt. Laurel, NJ, 08054.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 3, 2004

JACQUELINE ANN RUCH