# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY



| | |
|---|---|
| JAMES RANDO | CIVIL NO. 03-4532 |
| vs. | |
| WILMER H. STUBBE, JR., STEVEN STUBBE AND ANTONIA RUIZ | |

## PLAINTIFF'S ANSWER TO MOTION TO INTERVENE

Plaintiff, James V. Rando, by and through his attorney, James R. Radmore, Esquire hereby files this Answer to the Motion to Intervene of High Point Safety and Insurance Company (hereafter called "High Point").

1. This matter arises from as a result of a motor vehicle accident that occurred on October 6, 2001 in which a vehicle being operated by Defendant, Steven Stubbe, and in which Plaintiff was a passenger struck another vehicle causing serious personal injuries to Plaintiff.

2. On or about September 24, 2003, Plaintiff instituted an action against Steven Stubbe, and also against Wilbur H. Stubbe, Jr., owner of the vehicle in which Plaintiff was a passenger and Antonia Ruiz, the operator of the other vehicle.

3. On or about March 22, 2004, the clerk entered a default against the said Steven Stubbe for failure to plead or otherwise defend.

4. At all relevant times, High Point insured the vehicle owned by Wilbur H. Stubbe, Jr. and entered a defense on his behalf.

5. Following the default and prior to the Arbitration Hearing, discovery as well as the opportunity for further discovery took place.

6. Although the default was entered on March 22, 2004 as aforesaid, no Motion to Intervene was filed until August 3, 2004.

7. The Arbitration of this matter took place on August 25, 2004.

8. High Point was at all times involved in the defense of this matter and failed to file this Motion until just before the Arbitration.

9. The within Motion was not timely filed and should be dismissed pursuant to Federal Rule of Civil Procedure 24 (a).

10. Attached hereto is a Brief in Opposition to the Motion upon which Plaintiff relies.

WHEREFORE, Plaintiff prays the Motion to Intervene of High Point Safety and Insurance Company be dismissed.

_____
JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES RANDO | CIVIL NO. 03-4532 |
| vs. | |
| WILMER H. STUBBE, JR., STEVEN STUBBE AND ANTONIA RUIZ | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO INTERVENE OF HIGH POINT SAFETY AND INSURANCE COMPANY

This matter comes before the Court pursuant to a Motion to Intervene file by High Point Safety and Insurance Company (hereinafter called "High Point"). High Point has filed its Motion under FRCP 24 (a)(2). As pointed out in the Brief of High Point, an applicant may intervene if (1) the application is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by the existing party in the litigation. **Brody v Spang**, 957 F. 2d 1108 (3rd Cir. 1992). Unfortunately for High Point, applying the tests it admits apply to this Motion, they do not have the right to intervene.

In **Donovan v United Steel Workers of America**, 721 F2d 126 (3rd Cir. 1983), certiorari denied, 104 S .Ct 3535, the Third Circuit noted that in determining whether a motion is timely the court must consider (1) the stage of the proceedings when the movant seeks to intervene; (2) possible prejudice caused to other parties by delay; and (3) the reason for delay. **Donovan** at p. 127. Applying these tests to the facts herein, it is clear that High Point can not prevail.

This matter arises from a motor vehicle accident in which Plaintiff suffered serious personal

injuries. Plaintiff was a passenger in a vehicle being driven by Steven Stubbe (hereinafter called "Steven") and owned by Wilmer Stubbe, Jr (hereinafter called "Wilmer") Steven is the son of Wilmer. This vehicle was involved in an accident with another vehicle in which Plaintiff suffered serious personal injuries. There is no question that High Point insured the Stubbe vehicle. High Point is arguing that Steven was denied permission to use the vehicle owned by Wilmer. They are separately demanding a declaratory judgment that Plaintiff has no obligation to provide coverage to Steven.

Plaintiff commenced this proceeding on September 24, 2003. An Answer to the Complaint was filed on behalf of Wilmer on November 17, 2003. It is undisputed that High Point accepted coverage for Wilmer and has been providing a defense for him. There is therefore no doubt that, if there was a question of permissive use, High Point was aware of this in Fall of 2003. It could have, and should have filed a Declaratory Judgement action at that time if it truly believed it was not obligated to enter a defense on behalf of Steven.

Subsequently, Plaintiff requested a default be entered against Steven and the Clerk entered a default on March 22, 2004. High Point still did nothing. Ultimately after discovery was completed, the case was scheduled for an arbitration which in fact was held on August 25, 2004. It was not until August 2, 2004 that the Complaint seeking a Declaratory Judgment was filed and on August 3, 2004, three weeks before the scheduled Arbitration, this Motion to Intervene was filed.

Applying the **Donovan** test to the facts above, the Motion must be dismissed. First, High Point made no attempt to intervene until just before the arbitration. Plaintiff had secured a default several months earlier and was proceeding to the arbitration based on the record as it had been allowed to exist for that time. To permit the intervention at such a late date is clearly improper.

Further, there is no question that Plaintiff would be prejudiced by the late joinder. At this point, the arbitration has in fact occurred as the Motion was so untimely that the return date was beyond the date scheduled for arbitration. To permit this post-trial intervention would require an explanation by High Point as to the reason for the late filing. A review of High Point's Brief finds that they are silent on this issue, as they must be for there is simply no excuse. As shown from the procedural history previously discussed, High Point had many opportunities to intervene or file a Declaratory Judgment action. It offers no explanation for why it failed to do so.

High Point has instead elected to argue that it has met the "legal interest" prong of **Brody**. Plaintiff asserts that while High Point certainly has an interest in the litigation, it is not the interest envisioned by Rule 24 or **Brody**. High Point, as the insurer was obligated by the policy to enter a defense. If there was any basis for not representing a party, it had the obligation to come forward. It is through High Point's lack of diligence that it finds itself now facing a possible assignment of rights. There is simply nothing unusual about the fact situation here that would permit High Point to intervene. It should not be rewarded for its inaction by, in effect being permitted to begin the litigation anew at this late date.

For these reasons, Plaintiff asserts that the Motion to Intervene of High Point Safety and Insurance Company must be dismissed and the matter be permitted to proceed to conclusion.

_____
JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Defendant(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

                                                JAMES R. RADMORE, ESQUIRE

DATE: 9/02/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES RANDO | : | CIVIL NO. 03-4532 |
| | : | |
| vs. | : | |
| | : | |
| WILMER H. STUBBE, JR., | : | |
| STEVEN STUBBE AND | : | |
| ANTONIA RUIZ | : | |

### CERTIFICATE OF SERVICE

I, James R. Radmore, Esquire, do hereby certify that a copy of Plaintiff's Answer to Motion to Intervene, was served upon all counsel by regular, first-class, postage pre-paid mail.

Respectfully submitted,

LAW OFFICE OF JAMES R. RADMORE, P.C.

BY: _____
JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiff(s)

DATE: 9/02/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JAMES RANDO                         :        CIVIL NO. 03-4532
                                    :
    vs.                             :
                                    :
WILMER H. STUBBE, JR.,              :
STEVEN STUBBE AND                   :
ANTONIA RUIZ                        :

## ORDER

AND NOW, this           day of                , 2004, upon consideration of the Motion of High Point Safety and Insurance Company to Intervene and Plaintiff's Answer thereto, it is **ORDERED**, that the Motion is to **DENIED**. This matter shall proceed to conclusion with the parties currently involved in the litigation.

                                            _____
                                                                         J.